UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ERIK D. CAMERON,
          Defendant.

Criminal No. 05-622-M (AK)

**DETENTION MEMORANDUM**

The Defendant, Erik D. Cameron has been charged by criminal complaint with unlawful, knowing, and intentional possession with intent to distribute crack cocaine, a Schedule II narcotic drug, in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on November 22, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Robert Munn, with the Metropolitan Police Department 6th Unit Vice Squad testified for the government. Officer Munn testified that on November 17, 2005,

while on routine patrol, he saw the Defendant standing next to a truck or SUV-type vehicle in the 300 block of Ridge Rd., SE.  According to Officer Munn, he and his partners drove up behind the car where the Defendant was standing.  As Officer Munn got out of the car, the Defendant turned and ran.  Officer Munn testified that he and his partner Officer Shaw chased the Defendant through the parking lot and into the neighboring apartment complex.  As the Defendant was running through the parking lot, he allegedly stopped just long enough to toss what appeared to be a gun underneath a Honda.  Officer Munn also testified that as he and his partner continued to chase the Defendant, Officer Munn saw the Defendant toss two small plastic bags to the ground.

The officers caught the Defendant a few seconds later and Officer Munn retrieved the bags that Defendant had thrown to the ground. According to Officer Munn, the first bag contained a large white rock that was later determined to be crack cocaine.  Officer Munn testified that the size and amount of crack cocaine was indicative of distribution rather than personal use.  The crack cocaine weighed 18.7 grams and was approximately 2 inches long and 1½ inches wide.  The second plastic bag contained ten smaller plastic baggies of marijuana.

The Defendant has two prior convictions for marijuana possession.  He also has one prior instance of failure to appear for a misdemeanor trespassing charge.  However, it appears there may have been exigent circumstances for the failure to appear.  According to Defense counsel, the Defendant's mother confirmed that the Defendant failed to appear because his grandmother suffered a medical emergency and he was with her at the hospital.  The Defendant is presently employed.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or

combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Having heard the testimony at the November 22, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1). When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

Here, the government seeks detention on the basis of risk of flight as well as danger to the community. In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with possession with intent to distribute crack cocaine, a dangerous and destructive

narcotic. Furthermore, the Defendant was apparently in possession of a gun, which he allegedly threw a gun underneath a car as he was being chased. Finally, the fact that Defendant fled when he saw the police leads this Court to conclude that he does pose a risk of flight.

The second factor, the weight of the evidence, also favors detention. An officer with the Metropolitan Police Department testified that he saw Defendant throw a bag to the ground while the officer and his partner were chasing the Defendant. The white rock in the bag later field tested positive for cocaine base.

The third factor, the history of the Defendant, does not support pretrial detention. The Defendant is employed. He is not currently on probation or supervised release. He does have two prior convictions involving marijuana. However, those convictions do not indicate that the Defendant is a danger to the community or a risk of flight. Nevertheless, based on the remaining factors, the Court believes the Defendant is a danger to the community and presents a risk of flight.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant is charged with possession with intent to distribute crack cocaine. The Defendant also was apparently in possession of a gun at the time of his arrest. Drug trafficking and gun violence tears the very fabric of our community and destroys the lives of D.C. residents every day. The danger to the community is clear.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of

detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure the Defendant's appearance at future court proceedings. Therefore, the government's motion for pretrial detention is granted.


Dated: November _28th_, 2005            _____/s/_____
                                        ALAN KAY
                                        UNITED STATES MAGISTRATE JUDGE